IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 6 2010

David J. Bradley, Clerk of Court

| | |
|---|---|
| ANTONIO JUAREZ, § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL NO. B-09-14 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT; TRUSTEES § | |
| ROLANDO AGUILAR, JOE COLUNGA, § | |
| RUBEN CORTEZ, AND RICK ZAYAS; § | |
| MIGUEL SALDAÑA; AND § | |
| SUPERINTENDENT HECTOR § | |
| GONZALES AND HIS SUCCESSORS, § | |
| Defendants § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Pending before the Court is the Defendants' Emergency Motion to Stay Case Pending Interlocutory Appeal by Trustees. (Doc. No. 83.) Defendants filed their motion on July 2, 2010. Trial is currently set for this Court's August 2010 docket. (Doc. No. 67.) This motion, as well as the Defendants' appeal, was filed after the Court denied the Defendants' previous motion to abate the scheduling order. (Doc. Nos. 76, 79, 81, 82.) For the reasons set out below, the Court DENIES the motion, but grants the Defendant Trustees leave to refile at any time before the Final Pretrial Conference on August 3, 2010.

This case arose out of a dispute between Plaintiff Antonio Juarez and his former employer, Defendant Brownsville Independent School District ("BISD"). Juarez's original complaint alleged a number of federal and state claims against BISD, the Trustee Defendants, a BISD attorney, and the

1

former superintendent of BISD. The Court received and reviewed summary judgment from all parties, and in prior orders, it summarily disposed of most of Plaintiff's claims and dismissed both the attorney, Miguel Saldaña and the superintendent, Hector Gonzales. (*See* Doc. Nos. 66, 71, 78.)

Presently, the only remaining claims for trial are Plaintiff's § 1983 First Amendment retaliation claims against BISD and the Trustees. (Doc. No. 78 at 18.) The Court denied the motion for summary judgment on this cause of action and the related motions regarding qualified immunity because they both turned on disputed issues of fact. These claims aver that Juarez suffered an adverse employment action when BISD and the Trustees opted not to renew his contract, and that such decision was made in retaliation against Juarez for his report to law enforcement authorities of certain misdeeds by school board officials. The Court found that Juarez's First Amendment retaliation claim must proceed to trial because genuine issues of material fact exist as to the underlying facts and to the motives of the Trustees when Juarez's contract was not renewed. Juarez had offered evidence that a reasonable jury could rely upon to find that (a) he engaged in protected speech by reporting alleged misconduct of the Trustees to the FBI; (b) the Trustees were made aware of this report; (c) the Trustees knew Juarez sought continued employment with BISD; and (d) the Trustees declined to offer Juarez a contract renewal after they were made aware of his report to the FBI. In addition, Juarez offered evidence suggesting that the Trustees may have in fact been involved in the misconduct he reported to the FBI and evidence that the Trustees had expected Juarez to cooperate with them in a scheme to oust the superintendent and when he did not, they treated him adversely. All of these facts, if believed to be true, would be sufficient for a reasonable jury to find that the Trustees did retaliate against Juarez because of his protected speech.

This Court found that there was sufficient evidence which if believed by the finder of fact

would support a finding of retaliation. It also concluded that a fact issue remains as to whether or not the Trustees's motives for not renewing the contract were actually retaliatory. That being the case, it could not grant the Trustees' motion for summary judgment based on qualified immunity. After this Court denied a trial continuance, the Trustees filed with the Fifth Circuit an appeal. Now, the Trustees and BISD seek a stay of the current trial proceedings until the Trustees' appeal is decided.

The issue before this Court is whether all the Defendants are entitled to a stay given the Trustees' appeal of the denial of summary judgment based on qualified immunity.[1] In the Fifth Circuit, some qualified immunity determinations may be immediately reviewed in an interlocutory appeal. The conclusion that a summary judgment motion based on qualified immunity should be denied may be based on one of "two distinct determinations" made by the district court. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). "First, the district court decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law. Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* The latter is the controlling situation herein.

In the first type of determination, the district court's decision is immediately appealable. *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). In contrast, the Fifth Circuit states that it "lack[s] jurisdiction to review conclusions of the *second* type on interlocutory appeal. . . . [I]n an interlocutory appeal [the Fifth Circuit] cannot challenge the district court's assessments regarding the sufficiency of the evidence—that is, the question whether there is enough evidence in the record

---

[1] There seems to be no ground on which BISD would be entitled to an interlocutory appeal based upon qualified immunity since it has never pleaded for nor moved this Court for qualified immunity.

3

for a jury to conclude that certain facts are true." *Id.* at 346–47 (citing *Johnson v. Jones*, 515 U.S. 304, 313, 319–20 (1995); *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 634 (5th Cir. 1999)). For this reason, the Fifth Circuit has noted that "officials may sometimes be required to proceed to trial even though the ultimate resolution of those factual disputes may show that they are entitled to qualified immunity from liability." *Id.* at 346 n.8.

The Trustees contend that they are entitled to a stay simply by virtue of the fact that they have filed an appeal of this Court's decisions.[2] Though their appeal is entitled an "interlocutory" appeal, the Trustees do not specify in either their notice of appeal or their stay motion the particular basis for their appeal. They provide no explanation as to why their appeal is properly an interlocutory appeal, despite this Court's conclusion that sufficient evidence exists to create a fact issue that would preclude granting the Trustees' motion for summary judgment.[3]

Although a motion for a stay pending appeal is generally granted in cases involving an assertion of qualified immunity, the Court is reluctant to grant a stay unless the Trustees show that

---

[2] Indeed, the Trustees appeal both of this Court's orders on summary judgment, even though the ruling on qualified immunity was only contained in this Court's June 23 order.

[3] Where officials challenge a Court's conclusion regarding the sufficiency of the evidence on interlocutory appeal, the Fifth Circuit has repeatedly found that it lacks jurisdiction to decide the appeal and dismissed the appeal. *See, e.g., Land v. Dietz*, 276 Fed. Appx. 384 (5th Cir. 2008); *Cooley v. Grimm*, 272 Fed. Appx. 386 (5th Cir. 2008); *Guzman v. Stoudt*, 208 Fed. Appx. 362 (5th Cir. 2006). Moreover, denials of qualified immunity at the summary judgment stage based on a district court's finding a question of fact regarding an official's motivation for not hiring or terminating an employee in retaliation cases are frequently affirmed. *See, e.g., Davis v. McKinney*, 518 F.3d 304, 317–18 (5th Cir. 2008); *Blackwell v. Laque*, 275 Fed. Appx. 363, 370 (5th Cir. 2008). *See also Kinney*, 367 F.3d at 373 (noting that "[w]hen an official's intent or the reasons for his or her actions are an essential element of the underlying violation, [the Fifth Circuit] ha[s] treated factual disputes over intent just like any other factual dispute that can justify a denial of qualified immunity" and collecting cases).

their appeal is a proper interlocutory appeal.[4] *Cf. Santos Rivera-Torres v. Velez*, 341 F.3d 86, 93–98 (1st Cir. 2003) (discussing exceptions to the general proposition that filing an interlocutory appeal divests the district court of control over aspects of the case involved in the appeal, including where the appeal is frivolous or is taken from a non-appealable order). Since it has been well established that retaliation against an employee for engaging in protected speech is an objectively unreasonable violation of that employee's clearly established constitutional rights, this Court finds it unlikely that the Fifth Circuit would reach a different result concerning the legal conclusions reached by this Court. *See Davis v. McKinney*, 518 F.3d 304, 317–18 (5th Cir. 2008) (collecting cases for the proposition that public employers may not retaliate against employees for engaging in protected speech). Defendants did not even contest this issue.

To the extent that the Trustees argue that it would "serve little purpose to try the case if the Fifth Circuit concludes the Trustees are entitled to qualified immunity," this Court disagrees. The Trustees have not demonstrated how a finding of qualified immunity for the individual Trustees

---

[4] Defendants assert that any ruling involving immunity is subject to interlocutory appeal, the filing of which would divest the district court of jurisdiction over the matter, but the authority they cite requires that the appeal be a "non-frivolous" appeal. *See Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993). Presumably, an appeal would be frivolous if it were of the type that the Fifth Circuit lacks jurisdiction to hear.

The Court takes note that the Fifth Circuit in *Carty v. Rodriguez*, 211 Fed. Appx. 292 (5th Cir. 2006), an unpublished decision, granted a stay in a case where the district court had "affirmatively denied" the official defendants' motion to dismiss on qualified immunity grounds. Since the denial of qualified immunity in that case took place prior to discovery, the appeal would necessarily have involved only the district court's legal conclusions. In the case before this Court, there has been ample time for discovery. In fact, this Court delayed its ruling on qualified immunity specifically so discovery could proceed. In that case, unlike in the instant case, there were no factual issues upon which the district court could have denied the motion to dismiss. Therefore, even though a district court's legal conclusions regarding immunity may be immediately appealable, this Court is not convinced that all interlocutory appeals are immediately appealable and justify a stay of proceedings.

5

would necessitate the "collapse[]" of Juarez's case against BISD. Thus, even if the Court were to assume for the sake of argument that the Trustee's appeal is a proper interlocutory appeal, and that they are entitled to immunity, their immunity from suit does not immunize them from participation in the lawsuit related to Juarez's case against BISD. Should a jury conclude that the Trustees in fact acted with retaliatory motives pursuant to an official policy of BISD, but the Fifth Circuit find that the Trustees were entitled to qualified immunity, BISD might still face liability. Moreover, although the Court recognizes and respects the value of qualified immunity, it is also cognizant that interlocutory appeals

> may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of Forsyth appeals–like the bulk of all appeals–end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* [interlocutory] appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

*Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

Here, granting a stay of the trial would certainly delay Juarez's ability to seek relief for the injuries he has alleged. This Court notes that those with qualified immunity have what some courts have described as a "right not to be tried." Nevertheless, since the same attorney represents both the Trustees and BISD, there is no real savings in time or expense in preparing the case for trial. Even if the Trustees are successful on appeal, they would be dismissed as parties, but they would not be immune from testifying as witnesses relevant to Juarez's claim against BISD. The Court concedes that if the Trustees have filed a non-frivolous appeal addressing an issue not requiring a factual determination that is properly interlocutory, they are entitled to a stay of proceedings against them

until the appeal is concluded. Thus, if the Trustees make a showing that they have filed a proper interlocutory appeal (by detailing an issue that is the proper subject of an interlocutory appeal), the Court will reconsider their Motion for Stay. Absent such a showing, the Court will not grant the motion.

Therefore, the Defendants' Emergency Motion to Stay Case Pending Interlocutory Appeal by Trustees (Doc. No. 83) is hereby DENIED, but the Defendant Trustees are granted leave to refile if they can pinpoint an issue that is actually subject to an interlocutory appeal.

Signed this 16th day of July, 2010.

Andrew S. Hanen
United States District Judge